**FILED ELECTRONICALLY (ECF)**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------------X

| | | |
|---|---|---|
| PICERNE MIILTARY HOUSING, LLC, BRAGG-PICERNE PARTNERS, LLC AND PICERNE CONSTRUCTION/FBG, LLLC | : | C.A. No. 08-273 |
| Plaintiff | : | **ANSWER** |
| - against - | : | Jury Trial Demanded |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY | : | |
| Defendant. | : | |

---------------------------------------------------------------X

Defendant American International Specialty Lines Insurance Company ("AISLIC"), as and for its Answer to the Complaint, states:

**Introduction**

1. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the Complaint. For purposes of clarification, AISLIC states that (i) American International Group, Inc. ("AIG") is not a party to this action, (ii) the responses asserted in this Answer to the Complaint are asserted by defendant AISLIC only and (iii) AISLIC will treat all references in the Complaint to "AIG" (except the reference contained in paragraph 6 of the Complaint) as references to AISLIC.

**The Parties, Jurisdiction and Venue**

2. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the Complaint except admits



#303391v1

that Bragg-Picerne Partners, LLC is an insured under a Pollution Legal Liability Select Policy, No. PLS 1158711, issued by AISLIC (the "AISLIC policy").

3. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the Complaint except admits that Bragg-Picerne Partners, LLC is an insured under the AISLIC policy.

4. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the Complaint except admits that Picerne Construction/FBG, LLC is an insured under the AISLIC policy.

5. AISLIC denies the allegations contained in paragraph 5 except admits that AISLIC its principal place of business in New York, New York.

6. AISLIC (i) states that AIG is not a party to this action and (ii) denies the allegations contained in paragraph 6 of the Complaint.

7. AISLIC (i) states that AIG is not a party to this action and (ii) admits that AISLIC is subject to the personal jurisdiction of this Court.

8. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the Complaint.

9. AISLIC (i) states that AIG is not a party to this action and (ii) admits that venue is proper in the court.

**The Fort Bragg Privatized Family Housing Project**

10. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the Complaint.

11. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the Complaint.

12. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the Complaint.

13. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 13 of the Complaint.

14. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of the Complaint.

15. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 15 of the Complaint.

16. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 16 of the Complaint.

17. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the Complaint.

18. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 18 of the Complaint.

19. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19 of the Complaint.

20. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 20of the Complaint.

21. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21 of the Complaint.

22. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 22 of the Complaint.

23. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 23 of the Complaint.

24. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 24 of the Complaint.

25. AISLIC denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 25 of the Complaint.

**The AIG Policy**

26. Answering paragraph 26 of the Complaint, AISLIC admits that it issued the AISLIC policy to Bragg Communities, LLC as Named Insured.

27. Answering paragraph 27 of the Complaint, AISLIC admits that the AISLIC policy is a Pollution Legal Liability Select Policy, the terms, conditions and exclusions of which speak for themselves.

28. AISLIC denies the allegations contained in paragraph 28 of the Complaint.

29. AISLIC admits the allegations contained in paragraph 29 of the Complaint.

30. AISLIC admits the allegations contained in paragraph 30 of the Complaint.

31. AISLIC denies the allegations contained in paragraph 31 of the Complaint.

**COUNT I – BREACH OF CONTRACT AGAINST AIG**

32. AISLIC repeats and realleges the responses contained in paragraphs 1 through 31, inclusive, as if the same were fully set forth herein at length.

33. AISLIC admits the allegations contained in paragraph 33 of the Complaint.

34. AISLIC denies the allegations contained in paragraph 34 of the Complaint.

35. AISLIC denies the allegations contained in paragraph 35 of the Complaint.

36. AISLIC denies the allegations contained in paragraph 36 of the Complaint.

37. AISLIC denies the allegations contained in paragraph 37 of the Complaint.

**COUNT II – DECLARATORY JUDGMENT AGAINST AIG**

38. AISLIC repeats and realleges the responses contained in paragraphs 1 through 37, inclusive, as if the same were fully set forth herein at length.

39. Paragraph 39 of the Complaint asserts a conclusion of law to which no response is required by AISLIC and AISLIC denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint.

40. AISLIC denies the allegations contained in paragraph 40 of the Complaint.

**COUNT III – Bad Faith Against AIG Pursuant to Rhode Island General Laws § 9-1-33**

41. AISLIC repeats and realleges the responses contained in paragraphs 1 through 40, inclusive, as if the same were fully set forth herein at length.

42. AISLIC denies the allegations contained in paragraph 42 of the Complaint.

43. AISLIC admits the allegations contained in paragraph 43 of the Complaint.

44. With respect to the allegations contained in paragraph 44 of the Complaint that "Picerne has expended over $5,000,000 to comply with the Notice of Violation," AISLIC denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and AISLIC otherwise denies the remaining allegations contained in paragraph 44 of the Complaint.

45. AISLIC denies the allegations contained in paragraph 45 of the Complaint.

46. AISLIC denies the allegations contained in paragraph 46 of the Complaint.

47. AISLIC denies the allegations contained in paragraph 47 of the Complaint.

48. AISLIC denies the allegations contained in paragraph 48 of the Complaint.

49. AISLIC denies the allegations contained in paragraph 49 of the Complaint.

50. AISLIC denies the allegations contained in paragraph 50 of the Complaint.

**FIRST DEFENSE**

Plaintiffs' claims against AISLIC are barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations contained in or incorporated into the subject AISLIC policy.

**SECOND DEFENSE**

Plaintiffs' claims against AISLIC are barred, in whole or in part, to the extent they do not involve "Clean-Up Costs" resulting from "Pollution Conditions," as those terms are defined under the AISLIC policy.

**THIRD DEFENSE**

Plaintiffs' claims against AISLIC are barred, in whole or in part, under the AISLIC policy's to the extent they do not "Property Damage," as that term is defined under the AISLIC policy.

**FOURTH DEFENSE**

Plaintiffs' claims against AISLIC are barred, in whole or in part, under the AISLIC policy's to the extent they are subject to the AISLIC policy's Endorsement No. 16, titled "Known Contaminant Exclusion."

**FIFTH DEFENSE**

Plaintiffs' claims are or may be barred in whole or in part to the extent coverage under the AISLIC policy is limited to fortuitous events and/or occurrence(s).

**SIXTH DEFENSE**

Coverage under the AISLIC policy is excess over any other insurance that applies to any Loss to which the AISLIC policy applies and the AISLIC policy will not contribute with such other insurance.

**SEVENTH DEFENSE**

To the extent the AISLIC Policy applies to Plaintiffs' claim(s), it is subject to a self-insured retention(s).

**EIGHTH DEFENSE**

Plaintiff's claim for punitive damages is barred by the United States Constitution, including but not limited to the Due Process Clause of the Fourteenth Amendment, and the Rhode Island Constitution.

**NINTH DEFENSE**

The Complaint contains insufficient information to permit defendant AISLIC to raise all appropriate defenses and, therefore, AISLIC reserves its rights to amend and/or supplement this Answer and these defenses and to assert additional defenses as may become necessary or appropriate due to discovery or additional activity in this action.

**WHEREFORE**, defendant AISLIC prays that plaintiff's Complaint be dismissed with prejudice and that it be awarded its costs incurred herein.

**JURY DEMAND**

Defendant AISLIC hereby demands a trial by jury as to all issues raised in the Complaint and this Answer.

Dated: New York, New York
September 12, 2008

**TAYLOR DUANE BARTON & GILAMN, LLP**

By: /s/ Melissa A. Malone
Robert Shindell
R.I. Bar No. 5269
rshindell@taylorduane.com
Melissa A. Malone
RI Bar No. 7313
mmalone@taylorduane.com
10 Dorrance Street, Suite 700
Providence, Rhode Island
T: (401) 273-7171
F: (401) 273-2904

- and -

Neal M. Glazer (NG-8837)
NGlazer@damato-lynch.com
Jonathan L. Kranz (JK-7273)
JKranz@damato-lynch.com
**D'AMATO & LYNCH, LLP**
70 Pine Street
New York, New York 10270
T: (212) 269-0927
F: (212) 269-3559
Attorneys for Defendant AISLIC

**CERTIFICATE OF SERVICE**

I, hereby certify that on September 12, 2008, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Bruce W. Gladstone, Esq.
Cameron & Mittleman, LLP
56 Exchange Terrace
Providence, RI 02903,

Charles L. Philbrick, Esq.
Attorney Trisha Rich
Holland & Knight, LLP
131 South Dearborn Street, 30th Floor
Chicago, IL 60603,

Neal M. Glazer, Esq.
Jonathan L. Kranz, Esq.
D'Amato & Lynch, LLP
70 Pine Street
New York, NY 10270.

/s/Melissa A. Malone
Melissa A. Malone